IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ENRIQUE ACEVEDO-FELICIANO
CARLOS CONCEPCION-CHAPARRO
EILEEN B. SANCHEZ-FELICIANO
JOSE A. MENDEZ-VALLE
ANGEL CASTRO-GONZALEZ
MIGUEL A. CORTES-ROMAN
WILLIAM ROSA-FIGUEROA
MIGUEL TORRES-PEREZ
EDWIN ACEVEDO-ACEVEDO
RAUL PANETO-TORO
GILBERTO VARGAS-RIOS
AMILCAR MUÑIZ-ROSADO
ADELAIDA ROSARIO-GALLOZA
ANGEL L. JIMENEZ-ACEVEDO
EDWIN VILLARRUBIA-SOTO
JOSE VILLANUEVA-RODRIGUEZ
JOSE A. CUEVAS HERANNDEZ
ELBA I. QUINTANA-ROMAN
RAMONITA ACEVEDO-MUÑOZ
PABLO VILLANUEVA-RUIZ
THUAILA MUÑIZ-SANTONI
GLORIVEE SUREZ
ANIBAL MENDEZ-ACEVEDO
SANTIAGO HERNANDEZ-RUIZ
RAMONITA RODRIGUEZ-VARELA

Plaintiffs

vs                                                    CIVIL 01-1445CCC

MIGUEL A. RUIZ-HERNANDEZ, in his
official capacity as Mayor of the Municipality
of Aguada and in his personal capacity;
GLENDA L. PEÑA-MUÑOZ, in her official
capacity as the Municipality of Aguada's
Human Resources Director and her
personal capacity;
ANIBAL MENDOZA, in his official capacity
as the Municipality of Aguada's Public
Works Director and his personal capacity;
MUNICIPALITY OF AGUADA

Defendants

vs

JULIO CESAR ROMAN

Third-Party Defendant

CIVIL 01-1445CCC                    **2**

## ORDER

The Court of Appeals entered judgment on May 11, 2006 (docket entry 319) vacating our judgment for defendants with respect to the procedural due process claim.  The case was remanded for further proceedings consistent with the Opinion issued on that same date.  We quote that portion of the Court of Appeals' Opinion which summarizes and defines the procedural due process issue on remand: "We understand the district court to have ruled as a matter of law that Law 52, by its terms, prohibits the extension of Law 52-funded jobs using municipal funds.  But the law itself contains no such prohibition."  Acevedo-Feliciano v. Ruíz-Hernández, 447 F.3d 115, 122 (1st Cir. 2006).  The Court found that none of the Law 52 provisions precluded "the use of other funds to fill out a contract as to which Law 52 funds had been exhausted."  Id., at p. 123.  Having so found, the appellate opinion then discusses "whether Puerto Rican law supplies any sort of property interest once the Law 52 funding ceased."  Id., at p. 124.  Regarding this determination, the Court raised the deficiencies in the arguments of both plaintiffs and defendants.  It observed that plaintiffs cited to no law that supports their conclusion "that the former mayor was fully empowered to use municipal funds (even those not yet allocated) to extend the duration of jobs created by other means."  Id., at p. 123.  Defendants, for their part, on appeal and on remand, invoked P.R. Laws Title 21 § 4309 in support of their argument that absent funds earmarked for the salaries of Law 52 employees, the Municipality cannot pay for them unless it makes a readjustment based on a budgetary surplus.  The Court of Appeals observed that this statutory provision "merely states when and under what circumstances a legislature may adjust a municipal budget; it contains no other express limitations or proscriptions."  Id., at p. 123, n. 8.  We note that, although it could have been inferred that the Municipality did not assign funds for salaries of the Law 52 employees once such special funding was exhausted for that part of the fiscal year extending from January 1 to June 30, 2001, there was no direct evidence regarding the existence or absence of an allocation of municipal funds earmarked for that purpose.  Other than argument,

defendants have not explained why, notwithstanding the absence of such allocation, the
Municipality could not make a readjustment based on a budgetary surplus to pay for plaintiffs'
salaries from January 1 to June 30, 2001, pursuant to § 4309. They merely cite the law
without any reference to the fiscal circumstances, if such existed, that could allow the
Municipal Legislature to adjust the municipal budget so as to pay plaintiffs for the remaining six
months of their employment contract.

Plaintiffs cured on remand the defect pointed out by the appellate court regarding their
failure to cite a law in support of their conclusion. They have invoked P.R. Laws Title 21 §
4308 which allows the authorization of credit transfers between budget accounts through an
executive order of the Mayor to that effect. This statue provides in its relevant part that:

> (a) Before recommending or entering in the books any transfer of credits
> between the accounts of any budget, whether it be regular, a subsidy, a loan or
> any other special funds, it shall be ascertained that the credit to be transferred is
> available. To those effects the amount of the authorized orders or contracts
> pending payment shall be deducted from said credit even though the services
> have not been rendered or the supplies furnished.

21 L.P.R.A. § 4308(a).

However, merely citing the statute is not enough. The testimony of the former Mayor
that he had a meeting on January 6, 2001 with incoming Mayor Ruiz-Hernández where he
informed him that he had "more than a half a million that was available that he [could] do
whatever he want[ed]," (trial transcript of July 14, 2003, p. 14), and that the Municipality had
spent just 44.7% of the 50% of the total budget which is authorized for an election year, is
insufficient evidence to reach the conclusion advanced by plaintiffs that transfers of credits
between the accounts of the budgets for fiscal year 2000/2001 could actually be made to pay
for the last six months of service of the Law 52 contract employees from January 1 to June 30,
2001.[1] There would have to be proof that the credit to be transferred between budget

---

[1]   At page 15 of the July 14, 2003 trial transcript, former Mayor Román again referred to the "more than
a half a million" dollars stating that "the only thing the Mayor had to do is just [to] submit an ordinance
to the city council to be approved and pay those people from the Law 52 until he go down to the
Department of Labor and sign[ed] the contract that he was supposed to ask, or made a call to the

accounts was actually available as the law mandates.  The former Mayor's testimony does not reflect in any manner that he actually ascertained the availability of the credit transfer by deducting the amount of the authorized orders or contracts pending payment from such credit even though the services had not yet been rendered or the supplies furnished.  To establish the § 4308 credit transfers as a means of funding the last six months of plaintiffs' contract, plaintiffs must do more than invoke the statutory provision that authorizes the transfer without submitting proof that the method to ascertain availability of the credit was complied with and produced a positive finding.  At this point, plaintiffs' claim that municipal funds were available under § 4308 lacks factual support.  The Court is also concerned that there has been no discussion by either party of the interrelation, if any, between §§ 4308 and 4309.

Accordingly, to decide the due process matter remanded for further consideration, an evidentiary hearing will be held on **May 31, 2007 at 2:00 P.M.**  Plaintiffs must present, in addition to any other evidence they deem relevant, the testimony of the Finance Director of the outgoing administration of former Mayor Román and of the current Finance Director of the Municipality of Aguada, as well as any documents created and kept by the Municipality relevant to the availability of municipal funds under § 4308 for the specific purpose of funding the last six months of the Law 52 employees' salaries.

SO ORDERED.

At San Juan, Puerto Rico, on May 2, 2007.


S/CARMEN CONSUELO CEREZO
United States District Judge

---

Department of Labor asking when he can go and sign the ... new contract." His testimony, besides not addressing the availability of funds in the manner prescribed by the statute, referred only to paying the Law 52 employees until such time as the Department of Labor and the Municipality reached a new contract.  In this case, the new Law 52 contract executed on February 14, 2001 did not include the plaintiffs.  Since the new Law 52 contract was not a funding alternative for plaintiffs, the former Mayor's testimony is not evidence of the availability of other funds, i.e. municipal funds, for the remaining six months of their contracts.